Daren M. Schlecter, Esq. (SBN 259537)
**Law Office of Daren M. Schlecter, A Prof. Corp.**
10866 Wilshire Blvd., Suite 1270
Los Angeles, CA 90024
Telephone (310) 553-5747
Telecopier (310) 553-5487

Attorneys for Plaintiffs
Keri and Michael Miller

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Steven Louis Miller,<br><br>         Debtor<br>_____<br><br>Keri Miller, an individual; Michael Miller, an individual;<br><br>         Plaintiffs,<br><br>v.<br><br>Steven Louis Miller, an individual; and DOES 1 through 10 inclusive,<br>         Defendant. | Case No. 1:22-bk-11019-VK<br><br>Chapter 7<br><br>Adv No: 1:22-ap-<br><br>**COMPLAINT FOR NON-DISCHARGEABILITY AND OBJECTION TO DISCHARGE FOR:**<br>**1) Obligation/Money Obtained Through False Pretenses, False Representation or Actual Fraud under 11 U.S.C. § 523(a)(2)(A)**<br>**2) For Conversion/Embezzlement Under 11 U.S.C. §523(a)(4)**<br>**3) Objection to Discharge Under 11 U.S.C. §727(a)(2)**<br>**4) Objection to Discharge Under 11 U.S.C. §727(a)(4)**<br>**5) Objection to Discharge Under 11 U.S.C. §727(a)(5)** |

**TO THE HONORABLE JUDGE VICTORIA KAUFMAN, UNITED STATES**

**BANKRUPTCY JUDGE AND TO ALL INTERESTED PARTIES:**

-1-

# I.  GENERAL ALLEGATIONS

1.      Plaintiffs Keri and Michael Miller ("Plaintiffs") are now and were, individuals residing in the county of Los Angeles, State of California.

2.      Plaintiff is informed and believes and based upon such information and belief alleges that Defendant Steven Louis Miller (alternatively referred to as "Miller ", "Defendant" or "Debtor"), is now and was, at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.  Defendant Steven Louis Miller is the Debtor in the above captioned Chapter 7 bankruptcy case, case number 1:22-bk-11029-VK.

3.      The true names and capacities of Defendants DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will amend its Complaint to allege said Doe Defendants' true names and capacities when the same has been ascertained.  Plaintiff is informed and believes, and based upon such information and belief alleges, that each Defendant designated herein is responsible in some actionable manner for the occurrences and injuries alleged herein.

4.      Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Defendants named herein as Does 1 through 10, inclusive, were and are in some manner responsible for the actions, acts and omissions herein alleged, and for the damage caused by the Defendants, and are, therefore, jointly and severally liable for the damages caused to Plaintiff.

5.      Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Defendants including Does 1 through 10, inclusive, were, at all times herein mentioned, acting in concert with, and in conspiracy with, each and every one of the remaining Defendants.

6.      Wherever appearing in this Complaint, each and every reference to Defendants or to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is

-2-

otherwise specifically qualified.

7.     This Court has jurisdiction over this adversary proceeding for non-dischargeability and objection to discharge pursuant to 28 U.S.C. §157(b)(2)(I) & (2)(J) and 28 U.S.C. §1334.  This Court has jurisdiction over Plaintiff's §523 claims under 28 U.S.C. §§157(b)(2), (b)(4), & (c)(1) & 1334(a)/ (b) and the determination of non-dischargeability under 11 U.S.C. §523(a)(2)(A) and (a)(4)

8.     Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a) in that the instant proceeding is related to the Miller Bankruptcy under 11 of the United States Code, which is before this Court.

## II.  FACTUAL AND PROCEDURAL HISTORY

9.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 8 inclusive, of Plaintiff's Complaint with the same force and effect as though set forth in full.

10.     Plaintiffs are and were, at all times herein property owners of the residence located at 11523 Manchester Way, Porter Ranch, California 91326 ("the Residence").

11.     Defendant and Debtor is and was, at all times herein mentioned, a business with its principal place of business at 15021 Ventura Boulevard, Suite 702, Sherman Oaks, California 91403 in the County of Los Angeles, California, and is a licensed contractor with the California Contractors State License Board, No. 474691.

12.     Defendant and Debtor entered into a contract with Plaintiffs in Los Angeles County for remodeling and construction services at the Residence.

13.     On or about December 12, 2020, Plaintiffs and Defendant/Debtor entered into a written Contract whereby Defendant/Debtor was to provide construction renovation services for the Residence, including the construction of pool and spa, decking, drains, fire pit, BBQ area, water feature, and other hardscape and landscaping at the Residence ("the Work") in exchange for the fixed sum of $200,000.00.

14.     Defendant/Debtor also agreed to provide worker's compensation insurance. Moreover, at all material times, the Contract was a "home Plaintiffs improvement contract"

-3-

under California law.

15.     However, the Contract did not conform with the requirements of California Business Code sections 7159, 7159.5. Defendant/Debtor agreed to complete the Work within 12 weeks.  After 39 weeks, among other things, the Work was still incomplete, performed without permits and in an unworkmanlike manner with many defects.

16.     Following execution of the Contract and  investigating and complaining about the various issues and defects with the Work with the California State Contractors License Board ("CLSB"), Plaintiffs discovered:

a)  that Defendant/Debtor's license had been suspended and was performing unlicensed services while performing the Work from at least June to September, 2021 even though Defendant/Debtor continued to accept payment from the Plaintiffs in knowingly violation of the law;

b) that Defendant/Debtor was performing the Work while suspended by the California Secretary of State;

c) that Defendant/Debtor received compensation for services not provided, including but not limited to pulling a building permit from LADBS, and failing to do so, even though he had been compensated to do so;

d) that Defendant/Debtor  knowingly hired unqualified and unskilled laborers and failed to disclose same to Plaintiffs;

e) that Defendant/Debtor failed to obtain and disclose the lack of workers compensation insurance to Plaintiffs, thereby concealing a significant risk to Plaintiffs; and

f) that Defendant/Debtor falsely represented that the Work would be completed in three (3) months while knowing that the various issues and defects, including pending investigation(s) and suspended license would prevent Defendant/Debtor from performing.

17. On or about November 2, 2021, Plaintiffs, through counsel, sent a demand letter to Defendant/Debtor's then counsel without response or resolution.

18. On or about January 26, 2022, Plaintiffs submitted a lengthy and detailed itemization of issues with the Work and Contract to the CLSB, who issued a report and findings by its expert

regarding the host of issues and defects outlined herein.

19.  On June 9, 2022, Plaintiffs filed an action in the Los Angeles Superior Court action against Defendant/Debtor bearing case number 22CHCV00418.

20.  On or about September 12, 2022, the CLSB issued a Citation to the Defendant/Debtor which cited Defendant/Debtor for a number of violations including:

a) willfully departing from accepted trade standards for good and workmanlike construction;

b) failing to obtain permit on the Work as required by the building code;

c) acting as a contractor with a suspended license;

d) failing to secure workers compensation coverage for employees;

e) violating the law regarding home improvement contracts.

21.  Plaintiffs have incurred $225,400.00 in expenses in order to remedy the host of issues and defects caused by Defendant's conduct.  Along with the $175,400.00 paid to Defendant/Debtor, Plaintiff's damages are at least $400,800.00.

### III.   FIRST CLAIM FOR RELIEF

**TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

**(Obligation/Money Incurred Through False Pretenses, False Representation or Actual Fraud)**

22.  Plaintiffs reallege and incorporates herein by reference Paragraphs 1 through 21 inclusive, of Plaintiffs' Complaint with the same force and effect as though set forth in full.

23.  Defendant/Debtors made the following representations in connection with the Contract and Work:

a.   Defendant/Debtor took $5,000.00 on or about December 19, 2020 for a building permit from LADBS;

b.  From late 2020 and into 2021, Defendant/Debtor advised Plaintiff that inspections had been conducted to move the Work towards completion;

c. Defendant/Debtor represented that he had workers compensation insurance to

adequately perform and complete the Work under the Contract;

d. Defendant/Debtor took money from Plaintiffs for pool equipment;

e. Defendant/Debtor took money from Plaintiffs for electrical and plumbing of the pool to complete Work on the Contract;

f.  Defendant/Debtor took money to complete a fire pit under the Work on the Contract;

g. Defendant/Debtor represented and continued to represent that he could at all times perform the Work on the Contract within three (3) months, that he was qualified to do so, and that he had the resources in order to accomplish the foregoing.

24.  The foregoing representations were false.  The truth was:

a. Defendant/Debtor did not apply for the LADBS permits until April 16, 2021, and ultimately never were finalized;

b. that Defendant/Debtor, despite stating that the engineer approved the structure, had in fact never done any inspections;

c.  that Defendant/Debtor failed to obtain and disclose the lack of workers compensation insurance to Plaintiffs, thereby concealing a significant risk to Plaintiffs

d. the proper pool equipment was never delivered and what was delivered was faulty;

e. that Defendant/Debtor did not perform the proper electrical and plumbing of the pool as represented;

f. that Defendant/Debtor did not complete the Fire Pit as represented;

g. that Defendant/Debtor concealed the issues and defects cited herein, resulting in the Work not being completed in three (3) months as warranted, failed to disclose his license suspension during the Work on the Contract, and that the truth was that Defendant/Debtor knowingly hired unqualified and unskilled laborers and failed to disclose same to Plaintiffs.

25.     Defendant intended to deceive Plaintiffs given his concealment of multiple material facts relevant to the Work on the Contract and omissions, such that the course of dealing demonstrates his intent to conceal the truth.

26.     Plaintiffs justifiable relied on the representations made by Defendant and only

-6-

discovered the truth of the foregoing matters once Defendant had made multiple broken promises, prompting Plaintiffs to enlist the CLSB to investigate the Defendant.

27.    As a direct and proximate result of the Debtor's actions, Plaintiff has suffered losses in an amount in excess of $400,800.00.

28.    Defendant/Debtor's conduct violates 11 U.S.C. §523(a)(2)(A) and, therefore, Debtor's indebtedness to Plaintiff constitutes a non-dischargeable debt.

## IV. <u>SECOND CLAIM FOR RELIEF</u>

### TO DETERMINE DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)

### (Debts Incurred through Conversion/Embezzlement under 11 U.S.C. §523(a)(4))

29.    Plaintiffs reallege and incorporates herein by reference Paragraphs 1 through 28 inclusive, of Plaintiffs' Complaint with the same force and effect as though set forth in full.

30.    Among other things, Defendant/Debtor's receipt of money for services not provided, including being paid by Plaintiffs to pull a building permit for LADBS and failing to do so, constitutes embezzlement.

31.    The aforementioned acts and the other acts alleged here constitute conversion/embezzlement sufficient to establish a non-dischargeable debt under 11 U.S.C. §523(a)(4).

32.    The Defendant/Debtor's conduct violates 11 U.S.C. §523(a)(4) and, therefore, the Debtor's indebtedness to Plaintiffs constitutes a non-dischargeable debt.

33.    As a direct and proximate result of the Debtor's actions, Plaintiff has suffered losses in an amount in excess of $400,800.00.

## V. <u>THIRD CLAIM FOR RELIEF</u>

### [OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727(a)(2)]

34.    Plaintiffs reallege and incorporates herein by reference Paragraphs 1 through 33 inclusive, of Plaintiffs' Complaint with the same force and effect as though set forth in full.

35.    Plaintiffs are informed and believe and thereon allege that the debtor, with intent

to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed— (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition.

36.  Specifically, and based on an investigation into the Debtor's assets, it was discovered that the Debtor currently has the following assets not listed on the petition and schedules (or unreported as to value or description);

a. Bank Accounts: Debtor/Defendant claims he only has one bank account with $4.74 in it, but investigation as of November 17, 2022 has revealed that the Debtor/Defendant has at least 2 accounts with Citibank showing a check account balance of $2,315 and $305.00, and the existence of stocks and international accounts not disclosed on the Debtor's schedules.

b. Cash - Debtor/Defendant lists that he only $377.00 in cash.  In addition, Plaintiffs are informed and believe and thereon allege that Debtor/Defendant has worked on at least eleven (11) homes in the Westcliffe development in Porter Ranch between 2020 to present and that the average contract for each home is at a minimum of $175,000.00 per project and upwards of $500,000.00 whereas the Debtor only lists gross income received over the last 3 years of roughly $172K.  This amount conflicts with what Plaintiffs alone paid Debtor/Defendant in 2020, and thus both the gross income numbers are grossly misrepresented and under-reported and Debtor/Defendant has concealed, transferred, and understated the amount of cash he has on hand through his business activities as a contractor doing business under his own name.

c. Interest in Business.  Debtor/Defendant had been partners with Robert K. Rodwell in a nursery for several years, currently with a new location named Camarillo Nursery. Debtor/Defendant testified under oath at the 341a meeting of creditors that he had given away a tractor and CAT to his former partner "Bell."  Meanwhile, Debtor/Defendant further testified under oath pertaining to his schedules, particularly his Statement of

Financial Affairs that he has *no interest* in this nursery.  However, the truth discovered through investigation is that the Debtor and a Mr. Robert K. Rodwell also known as "Bell" have owned the nursery for many years and that Debtor is still involved in the operation/ownership of Camarillo nursery.

37. By reason of the forgoing, the Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2).

## VI.   FOURTH CLAIM FOR RELIEF

### [OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727(a)(4)]

38.   Plaintiffs reallege and incorporates herein by reference Paragraphs 1 through 37 inclusive, of Plaintiffs' Complaint with the same force and effect as though set forth in full.

39. Plaintiffs are informed and believe and thereon allege that the debtor knowingly and fraudulently, in or in connection with this case— (A)made a false oath or account;  (B) presented or used a false claim;  (C)gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or (D)withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, including but not limited to testifying falsely at the 341a meeting of creditors regarding his petition and schedules, including undisclosed and under-reported assets as set forth herein.

40.  By reason of the forgoing, the Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4).

## VII.   FIFTH CLAIM FOR RELIEF

### [OBJECTING TO DISCHARGE UNDER 11 U.S.C. § 727(a)(5)]

41.   Plaintiffs reallege and incorporates herein by reference Paragraphs 1 through 40 inclusive, of Plaintiffs' Complaint with the same force and effect as though set forth in full.

42.   Plaintiffs are informed and believe and thereon allege that the debtor has failed to

explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities, including testifying falsely at the 341a meeting of creditors regarding his petition and schedules, specifically undisclosed and under-reported assets as set forth herein.

43.     By reason of the forgoing, the Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).

WHEREFORE, Plaintiffs pray that the Court:

1) determine the amount owed to Plaintiffs from Defendant to be at least $400,800.00;

2) that the Court determine that Defendant's debts to Plaintiffs are nondischargeable under 11 U.S.C. §523(a)(2)(A) and (a)(4);

3) for a judgment and order denying the Debtor's discharge under 11 U.S.C. §727(a)(2), (a)(4) and/or (a)(5);

4) that the Court determine any remaining issues;

5) that the Court enter judgment for Plaintiff against Defendant in the amount owing, along with interest, costs and attorney fees pursuant to Federal Rule of Bankruptcy Procedure 7008 or any other document pursuant to Bankruptcy Rule or statute, and costs of suit; and

6) that Plaintiff have such other and further relief as the Court deems appropriate.

Dated: December 11, 2022                          Respectfully submitted,

                                                 LAW OFFICE OF DAREN M. SCHLECTER

                                                     /s/ Daren M. Schlecter

                                                 By: _____
                                                     Daren M. Schlecter, Esq.,
                                                     Attorney for Plaintiffs Keri and Michael
                                                     Miller

-10-